UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-264-MOC-DSC

| | | |
|---|---|---|
| MARIO CASTRO, MAGDALENA CASTRO, | ) ) ) | |
| Petitioners, | ) ) | |
| vs. | ) ) | **ORDER** |
| BANK OF NEW YORK MELLON, et al., | ) ) ) | |
| Respondents. | ) | |

This matter is before the Court on Petitioners' pro se filing in this Court titled "Application to Confirm Arbitration Award." (Doc. No. 1). Petitioners Mario and Magdalena Castro assert in their application that an arbitration award of more than $1.275 million, entered by an entity known as the Sitcomm Arbitration Association, has been entered against the named Respondents. On May 18, 2020, Respondent Bank of America, N.A., filed a response in opposition. (Doc. No. 8).

## DISCUSSION

The Court denies Petitioners' application and dismisses this action for the reasons stated in Respondent's brief in opposition. That is, Petitioners are attempting to enforce a non-existent arbitration award, as no binding arbitration agreement exists between the parties.[1] As

---

[1] In a recent lawsuit filed against Sitcomm, the plaintiff describes Sitcomm as follows:

> Sitcomm is a sham arbitration organization that uses the guise of legitimacy to market itself as an authorized and legitimate arbitration company to attract paying customers and collect fees. After Sitcomm extracts an arbitration 'fee' from these customers, Sitcomm then issues fake exorbitant final arbitration awards against various entities, despite no arbitration hearing having ever been held, no arbitration provision existing that permits the parties to arbitrate their claims, and without proper notice or an opportunity for any party to be heard.

Respondent explains, many institutions have recently been experiencing an influx of fake arbitration awards like the one here.  This scam is being perpetrated across the country, and numerous courts have recognized that these purported awards are unenforceable.  See, e.g., Imperial Indus. Supply Co. v. Thomas, No. 2:19-CV-129-KS-MTP (S.D. Miss. Jan. 8, 2020) (finding that the Sitcomm arbitration award was improper because there was no binding arbitration agreement and granting motion to vacate arbitration award); Nichols v. U.S. Bank, N.A., No. 2:19-mc-162, 2020 WL 61049 (S.D. Miss. Jan. 6, 2020) (denying confirmation of purported arbitration award and entering an order to show cause why the plaintiff should not be sanctioned for seeking confirmation of award); Kalmowitz v. Fed'l Home Mortg. Corp., No. 6:19-mc-10, 2019 WL 6249298 (E.D. Tex. Oct. 22, 2019) (finding that the arbitration documents have no legal validity and vacating the award); Meekins v. Lakeview Loan Servicing, LLC, No. 3:19-cv-501, 2019 WL 7340300 (E.D. Va. Dec. 30, 2019) (denying confirmation of purported arbitration award with prejudice and taking sanctions motion under advisement, allowing the petitioner 14 days to show cause why he should not be sanctioned for seeking confirmation of award); Grant v. Bank of America, N.A., No. 8:19-cv-01977-VAP (C.D. Calif. Dec. 20, 2019); Brown v. Ally Financial, Inc., No. 2:18cv70-KS-MTP, 2019 WL 6718672 (S.D. Miss. Dec. 10, 2019); Teverbaugh v. Lima One Capital, LLC, No. 2:19-MC-159-KS-MTP (S.D. Miss. Dec. 13, 2019); Teverbaugh v. Lima One Capital, LLC, No. 1:19-cv-5482 (N.D. Ill. Aug. 14, 2019); Teverbaugh v. First Guaranty Mortg. Corp., No. 1:19-cv-5485 (N.D. Ill. Aug. 14, 2019).  Just as in these cases, the arbitration award here is unenforceable and has no legal merit, and the Court

---

PennyMac Loan Servs., LLC v. Sitcomm Arbitration Ass'n, No. 2:19-CV-193-KS-MTP, 2020 WL 1469458, at *1 (S.D. Miss. Mar. 26, 2020).

will therefore deny the application to confirm the arbitration award and dismiss this action.

## ORDER

**IT IS, THEREFORE, ORDERED that:**

(1) Petitioners' "Application to Confirm Arbitration Award," (Doc. No. 1), is **DENIED**.

(2) This action is dismissed.

(3) The Clerk is instructed to terminate this action.

Signed: May 19, 2020

Max O. Cogburn Jr
United States District Judge