RECEIVED
Charlotte, NC
JUN 17 2020
Clerk, US District Court
Western District NC

Record/FILE ON DEMAND

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Mario E. Castro, Magdalena Castro<br><br>Petitioner(s),<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON, Charles W. Scharf, AKERMAN LLP, Natsayi Mawere, Joseph DeFazio, NewRez LLC D.B.A. SHELLPOINT MORTGAGE SERVICING, Jack Navarro, REAL TIME SOLUTIONS, Eric C. Green, Bank of America Corporation, Brian Moynihan, et al.<br><br>Respondent(s). | CASE NO.: 3:20-cv-00264<br><br>MOTION FOR RECONSIDER OF MAY 19, 2020 ORDER OR IN THE ALTERNATIVE NOTICE OF VOID JUDGEMENT REQUEST TO STRIKE RESPONDENT BANK OF AMERICA, N.A.'S OPPOSITION |

Applicant's Mario E. Castro and Magdalena Castro (Collectively "Petitioners") comes before this Court with Applicant's Motion for Reconsideration of Order Dated **May 19, 2020**, Or In The Alternative, Notice of Void Judgment, filed under **FRCP Rule 59(e).**

### MEMORANDUM OF POINTS AND AUTHORITIES [1]

Federal Rule of Civil Procedure 81(a)(6)(B) states that in proceedings under the Federal Arbitration Act ("FAA"), "these rules apply only to the extent that matters of procedure are not provided for in those statutes." Under the FAA, an application for confirmation of an arbitrator's award, or any application to this Court, "shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." **9 U.S.C. § 6 (emphasis added).** Thus, the statute makes clear that matters pertaining to arbitration are motions, not actions (are not a complaint or civil action). See *Alstom Power, Inc. v. S&B Eng. & Constructors, No. 3:04-cv-2730, 2007 WL 1284968, *2 (N.D. Tex. Apr. 30, 2007).* The

petitioners application, which should be properly docketed as a motion, is not a Complaint or civil action therefore is a miscellaneous filing and only requires a filing fee of $47 and the record needs to be corrected. If the courts afforded the full range of procedural rights allowed under the Federal Rules of Civil Procedure, such approach would defeat the objective of arbitration, which is to resolve the parties' dispute more expeditiously outside the judicial process. ***See, e.g., Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co., 304 F.3d 476, 489, 492 (5th Cir. 2002).***

The FAA prescribes under **9 U.S. Code § 9 "** that:

- at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court "<u>must grant</u>" such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title" as specified in petitioners petition for confirmation which is hereby reiterated and incorporated by reference in its entirety.

The contract/agreement specifies under section **10291** that the award can be confirmed in the <u>District Court of the United States at any competent court under original jurisdiction</u> therefore this is the proper court to confirm the award as it is one of the District Courts in the United States and since the contracts are governed under the FAA, a federal statute and as the contracts involves commerce in fact, this is a court of original jurisdiction. The FAA provides for confirmation when there has been no Order to Vacate or Modify the Award by the District Court where the award was created as prescribed under **9 U.S. Code § 10 and 11**. A Response to Application/motion for Confirmation would be an Order to Vacate the Arbitration Award. It is improper to dismiss a petition for confirmation where the statute of limitation is raised as an affirmative defense, and no opposing parties have been served as the FAA statute prescribes **9 U.S. Code § 9**, have waived service, have properly appeared in the case" to which the court can retain jurisdiction over the parties. There has been not applications/motions to vacate the award filed in the court where the award was made which is the only exceptions to challenging an

application/motion to confirm an award.

A Motion to vacate document may only be filed in the United States District Court for the Southern District of Mississippi within three months (9 U.S. Code § 12) of the award being delivered or filed. In this case petitioners have satisfied both filing and delivery requirements of the FAA. The Statutes of Limitations to file and Serve Notice of Application to Vacate Award has long expired as presented in petitioners Petition for confirmation which is hereby reiterated in its entirety and incorporated by reference in its entirety (Doc.1).

The Arbitration Award ('the Award' **Petitioners Exhibits-B**) by Mark Moffett dated **July 6, 2019**, was made in Laurel, Mississippi. The Arbitrators had found there was an Arbitration Agreement ('the Award'). The Arbitrators had found the matters in dispute were arbitrable ('the Award'). The Arbitrator sent a copy of the award to the respondents in this case on **July 15, 2019**, which they received. Applicant sent filed and mailed a copy of the Award which was received & confirmed by delivery to all respondents in this case as evidenced by petitioners **Exhibits – C** filed in this case which is hereby incorporated by reference in its entirety. Any objections to the award were to have been filed as a motion to vacate or modify within three months of award being filed and/or delivered to the opposing parties to this case in the court with jurisdiction and venue, the United States District Court for the Southern District of Mississippi.

As the Arbitrators had already found the Agreement contained an arbitration clause, the agreement was valid and enforceable, and the matters in dispute were arbitrable, the only question before this Court in this Application for Confirmation under its limited review is: "Did the United States District Court for the Southern District of Mississippi issue an Order to Vacate or an Order to Modify the Arbitration Award of Mark Moffett dated **July 6, 2019**?" There is either an Order to Vacate or Modify the Award, or there is not. If "no" Order to Vacate was

issued by the United States District Court for the Southern District of Mississippi, the Award must be confirmed as presented in petitioner's application/motion for confirmation which is hereby reiterated in its entirety and hereby incorporated by reference in its entirety.

## MEMORANDUM OF POINTS AND AUTHORITIES [2]

1. The Award by Mark Moffett was granted in the Southern District of Mississippi. The jurisdiction and venue to vacate the Arbitration Award under **9 U.S. Code §10** is put in the United States District Court for the Southern District of Mississippi not this court.

2. No respondents in this case has made any objections to the Arbitrators, submitted nothing for consideration on the matters before the Arbitrators, and did not appear for the arbitration hearing after being notified, therefore are barred from challenging the decision of the arbitrator.

3. The Arbitrators found there: (1) was an enforceable agreement between the parties, (2) the agreement contained an arbitration clause, (3) all parties are bound by the agreement, (4) the respondents in this case had harmed the petitioners in the amount of $1,275,000.00 which was awarded to petitioners separately from the respondents in this case ('Award').

4. Upon receipt of the Award, the respondents in this case made no effort to exercise their right to vacate the award for any reason found under 9 U.S.C. §10 within the three-month statute of limitations prescribed under 9 U.S.C. §12 as presented in petitioners application for confirmation. By statute, the time to vacate the award in the proper court has expired and the opposing parties have waived this right and are barred from raising any defenses and arguments in opposition to confirmation of the award.

5. Congress intended that only one court has that jurisdiction so the judge being asked to confirm the Award would only have to look at the docket of one district court to discover

whether or not the Award could be confirmed without having to scour the dockets of all possible courts for such an Order.

6. The Arbitration Award issued by Sitcomm Arbitration Association (SAA) was a result of an Arbitration Hearing. All parties were noticed of the hearing. The Award was signed by the Arbitrator and the Committee member of SAA. The Award was filed and delivered to all respondents. The Award exists. After receiving the Award, the respondents to this case had the opportunity to vacate the award in the Southern District of Mississippi and failed to do so or even use the very arguments the Court makes to improperly dismiss the petitioners Motion for confirmation of the award and file a motion to vacate the award under U.S.C. 9 U.S. C. § 10 within the three months allotted by statute, 9 U.S.C. § 12 as presented in petitioner's application/motion for confirmation which is hereby reiterated in its entirety and incorporated by reference in its entirety. The respondents had a legal duty to act after having knowledge of the awards existence and by failing to do so, accepted the Award and the contract as presented to this court in **Exhibits A – B** otherwise, opposing parties would have sought to have the award vacated in a timely manner. The opposing parties did not seek to void the award or the contract and therefore this court and the respondents are barred from doing so as prescribed by the FAA statute.

    The opinion of this Court that there is no agreement or that the agreement is not valid after the three months statutes of limitations, after the Arbitrator already determined that it was valid, does not dissolve, modify or vacate the Award. Modification or vacatur of the award must be done within the three months of receipt by the respondents by motion to the U.S. District Court for the Southern District of Mississippi. The FAA statute does not

extend to the opposing parties to acquire months of extra time to vacate the award by any process.

7. Upon filing an improper barred opposition in this Court, Bank of America, N.A. did not present an order issued by the United States District Court for the Southern District of Mississippi to vacate or modify this Award under **9 U. S. Code § 10 or 9 U. S. Code § 11**.

8. **9 U.S. Code § 2 prescribes that:**

   - A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

   The referenced unilateral performance contract is an agreement in writing to which the respondents in this case had knowledge of which involves commerce in fact and therefore is supported under the above referenced section of the FAA as being valid and enforceable as intended by congress. The Federal Policy Favoring Enforcement of Arbitration Agreements is to enforce them in Accordance with Their Terms *AT&T Mobility LLC v. Concepcion, 563 U.S. 333 (2011)* see also *Am. Express Co. v. Italian Colors Rest., 133 S. Ct. 2304 (2013)*.

9. The basic and required elements of a unilateral contract have been met. These elements are: (1) At least two parties with knowledge notice of the agreement; (2) That the agreement is doable and workable; (3) The agreement has a completion, expiration clause or date (the "10 – 20 calendar days from receipt"); (4) That there is consideration value in the agreement; (5) For the sake of the FAA it contains an arbitration clause; (6) That the parties performed under the terms of the agreement. The agreement is doable and agreed upon by the parties. Only the parties are affected. It does not affect the public and/or public policy as it is a private agreement. Now if it has a provision that does affect the aforementioned, then it does matter what the contract says.

Page 6 | 19

Case 3:20-cv-00264-MOC-DSC   Document 12   Filed 06/17/20   Page 6 of 19

10. A claim of Fraud must be proved and the burden to prove such fraud is on the respondent. Here, the respondent, Bank of America, N.A. (BANA) nor this court have proven any of the 9 elements of fraud to support their claims.

11. **9 U.S. Code § 5 states in part that:**

- If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed;

The referenced agreement in section 10291 of the performance contract/agreement to which the petitioner's after the respondents default have chosen to appoint Sitcomm Arbitration Association ("SAA") as arbitrator which they appointed a single arbitrator as referenced by the award to conduct the arbitration to which they have signed a final award as presented in petitioner(s) petition for confirmation and is hereby incorporated by reference in its entirety.

Petitioners are unaware of any alleged fraudulent scheme or scam being perpetrated against institutions across the country. SAA followed the terms of the contract in petitioners arbitration proceeding as required by law, the FAA statute and the respondents nor this court have nor cannot present any facts to determine otherwise, SAA' cannot be determined to be a sham issuing sham documents, awards because they were appointed arbitrator by the petitioners and they followed the contract and the FAA statute as written. The respondents knew of this appointment, had knowledge of the existence of the award and did not follow the FAA to challenge the award by timely filing a motion to vacate in the proper court. The referenced cases by the attorney for the respondent, BANA, provide evidence that those courts are not following the FAA as prescribed and written, and are clearly ignoring the intent of congress, law and the Supreme Court rulings. There are no factual evidence in any of these cases presented by the respondent, BANA attorney rather pending or closed that proves that SAA is a sham organization issuing sham documents who are not following the contracts as written, the FAA as

Page 7 | 19
Case 3:20-cv-00264-MOC-DSC   Document 12   Filed 06/17/20   Page 7 of 19

written and the orders in those cases in petitioners opinion are are just opinions of the court and or the plaintiff's or defendants/respondents in the referenced cases, they are not supported facts before the court which is required in all cases. In the referenced case by the respondents opposition, expressing the PennyMac Loan Servs., LLC v. Sitcomm Arbitration Ass'n, No. 2:19-CV-193-KS-MTP, 2020 WL 1469458, at *1 (S.D. Miss. Mar. 26, 2020) is still pending. The Plaintiffs in that case have only expressed their allegations of SAA, this is not facts before that court as there are no judgments against SAA to which that district court has determine the allegations submitted in that case to be true and therefore cannot be utilized as facts in this matter before this court and should be stricken from the record in this case. The fact that SAA has appeared in a case proves that they are in existence as the law does not limit who can be an arbitrator only that a neutral party can be appointed which is the case here. We cannot speak on what other individuals are doing as we have no firsthand knowledge of their situation and can only speak for our situation and pray that this court follow the FAA, the law as written and not follow the unlawful acts to which other courts choose to do as they choose not to follow the act as written and looks to be slandering SAA. We paid the full cost of the arbitration so all the respondents in this case had to do was just show up, express the intent to show up or follow the hearing notice for arbitration with the arbitrator therefore in accords to the hearing notice sent out by the arbitrator it was assumed that all parties agreed with arbitration moving forward. The statute of limitation is the statute of limitation and should be applied equally when a consumer brings it as an affirmative defense as it would any other parties who would raise the same affirmative defense and get justice. I reserve my rights and require the same equal opportunity and rights to get justice.

12. "The Federal Arbitration Act ('FAA') expresses a presumption that arbitration awards will be confirmed." *Nationwide Mutual Ins. Co. v. Home Ins. Co., 429 F.3d 640,643 (6th Cir. 2005) (citing 9 U.S.C. § 9).* Review of an arbitrator's award is governed by "one of the narrowest standards of judicial review in all of American jurisprudence." *Lattimer-Stevens Co. v. United Steelworkers of Am., 913 F.2d 1166, 1169 (6th Cir.1990);* see also *Beacon Journal Publ'g Co. v. -8-Akron Newspaper Guild, Local No. 7, 114 F.3d 596, 599 (6th Cir.1997)* (observing that" [t]he Supreme Court has made clear ...that courts must accord an arbitrator's decision substantial deference because it is the arbitrator's, construction of the agreement, not the court's construction, to which the parties have agreed"). Under the FAA, **9 U.S.C § 1 et seq.,** a district court with appropriate jurisdiction "must enforce an award if 'the arbitrator's award draws its essence from the ... agreement, and is not merely his own brand of industrial justice.'" *Jacada (Europe), Ltd. v. Inter'l Marketing Strategies, Inc., 401 F.3d 701, 712 (6th Cir. 2005)* (quoting *United Paperworkers Int'l Union v. Misco, 484 U.S. 29, 36 (1987).* Consequently, the Court must grant the petitioner's application/motion to confirm and enforce the arbitral award unless there are valid grounds for vacating it under the narrow standards set out in the **FAA, 9 U.S. Code §10 & 11** within the 3 month limitations.

13. In a recent unanimous decision dated **8 January 2019, Justice Kavanaugh** delivered his first opinion of the United States Supreme Court (the "Court") in *Henry Schein, Inc. v. Archer and White Sales, Inc.* which in general state:

    - "We must interpret the act as written and the Act in turn requires that we interpret the contract as written. When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract.

    The arbitrator has already decided that the contracts are valid and the parties entered into the contracts by their conduct, default/silence/tacit acquiescence. Which also constitutes as a

Page 9 | 19

Case 3:20-cv-00264-MOC-DSC   Document 12   Filed 06/17/20   Page 9 of 19

waiver by the respondents to any defenses in this matter for arbitration and confirmation as specified in the contract. This court has no jurisdiction to overrule what the arbitrator has already determined as the contract does not authorize the court that authority. As set-out below, the Court's decision in Schein is in line with principles of international arbitration - namely that courts must respect the terms of the arbitration agreement as written and that, if the parties agreed, an arbitral tribunal has the power to decide threshold questions of arbitrability. In this case, the parties to this case have agreed to the contract and arbitration as there are no evidence stating otherwise that they do not accept the performance contract, its terms and provisions. No rejections of the contract in the 10-20 calendar day rejection period incorporated in the contract. The Respondents in this action agreed to mediate (arbitrate) by failing to properly notify (respond) of their lack of acceptance ... that the language in the performance contract indicated a change in the terms was an offer... which was accepted by the opposing parties performance/conduct/tacit acquiescence, see..." ***Tick-Anen v. Harris & Harris, Ltd., 461 F.Supp.2d 863, 867,868 (E.D. Wis. 2006)*** therefore the unilateral performance contracts are valid and enforceable as the FAA prescribes. Also, in regards to BANA, they was not complete silent, they actually partially performed and or attempted to perform the acts specified in the performance contract/agreement which constitutes as acceptance and/or provided a general response to petitioners offer thereby expressing their acceptance by performance of the act as evidenced by a correspondence from BANA dated **April 2, 2019 (See…EXHIBITS – E)** which does not evidence any rejection of petitioners offer thereby is an acceptance of the offer by performance and is an agreement to the terms and provisions of the contract. In ***Schein, Archer and White*** brought suit in the United States District Court for the Eastern District of Texas

alleging violations of federal and state antitrust law, seeking monetary damages and injunctive relief. The contract's arbitration agreement in part stated:

- "Any dispute arising under or related to this Agreement (except for actions seeking injunctive relief ... shall be resolved by binding arbitration in accordance with the arbitration rules of the American Arbitration Association [(AAA)] ."

- The issue before the Court was whether there was a "wholly groundless" exception to the widely-established principle that an arbitral tribunal and not a court has the power to decide "threshold" questions of arbitrability. Previously, the Fifth, Sixth, and other Federal Circuits had upheld an exception when the notion that a claim is subject to the arbitration agreement is "wholly groundless." The Court granted certiorari to address the disagreement among circuit courts over whether a "wholly groundless" exception comports with the FAA and Court precedent.

- The Court held that the "wholly groundless" exception was inconsistent with the Federal Arbitration Act (the "FAA") and that the Court was "not at liberty to rewrite the statute passed by Congress and signed by [then -President Coolidge in 1925]." The Court further reasoned that "the courts must respect the parties' decision as embodied in the contract." Relying upon the text of the FAA, the Court stated that "arbitration is a matter of contract, and courts must enforce arbitration contracts according to their terms." With that in mind, and relying upon *First Options (514 U.S. 938, 943 (1995))*, the Court stated that "parties may agree to have an arbitrator decide not only the merits of a particular dispute but also 'gateway questions of arbitrability, such as whether their agreement covers a particular controversy."

- The Court also noted precedent in *AT&T Technologies (475 U.S. 643, 649-650 (1986))* "that a court may not 'rule on the potential merits of the underlying' claim that is assigned by contract to an arbitrator, 'even if it appears to the court to be <u>frivolous</u>. "The Court stated that this "principle applies with equal force to the threshold issue of arbitrability." The Court thus held that" <u>when the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract, even if the court thinks that the arbitrability claim is wholly groundless.</u>" With that, the Court struck down the "wholly groundless" exception. In this instance, <u>the Agreement clearly states the Arbitrator is to determine the validity of the Agreement and the arbitrability of the matters before the panel.</u>

14. The Arbitrator(s) determined there was an arbitration agreement and that the matters in dispute were arbitrable. BANA and all other respondents in this matter was notified of the hearing and failed to appear, and filed no documents to support any position before the Arbitrator. There is no Order to vacate, modify, or correct the Arbitration Award of **Mark**

**Moffett of July 6, 2019** as enumerated in **9 U.S.C. §§ 10-11** issued by the United States District Court for the Southern District of Mississippi. The respondents referenced in this case had three months to file an application/motion to Vacate the subject award as prescribed under **9 U.S.C. § 12** in the United States District Court for the Southern District of Mississippi and failed to do so. This Court has no discretion other than to confirm the Arbitration Award and follow the act as written and prescribed under 9 U.S.C. § 9 which is supported by law.

15. The United States District Court for the Western District of North Carolina is given jurisdiction and venue to confirm the Award under **9 U.S. Code § 9** and the subject Agreement. Under statute and existing case law, the Award by **Mark Moffett of July 6, 2019** must be confirmed.

16. Petitioner's/Applicants thanks the Court for the opinions on this matter. In all actuality his, opinions are just that, personal opinions, not facts before the court supported by law. They have no force in law in this instance and no relevance to the issue and conflicts with the Arbitrators findings. Using such terms and labeling such an award as 'bogus' 'farce' 'sham' 'frivolous' and 'theory' is not accurate at all and is not an exception prescribed under the FAA, does not fall under any of the FAA's prescribed exceptions therefore labeling the Award and or SAA a 'sham' and the petitioners application for confirmation 'frivolous' is not a supported exception under the FAA and is an improper labeling, especially since the respondents knew of the awards existence and decided to do nothing, continued to not follow the law, the FAA to challenge the award in any way by timely filing an application/motion to vacate the award. This court does not have the authority to create an exception to the FAA statute and change the FAA statute as written, they are only authorized and given jurisdiction

Page 12 | 19

Case 3:20-cv-00264-MOC-DSC   Document 12   Filed 06/17/20   Page 12 of 19

to follow the act as written as congress intended and supported by the U.S. Supreme court decision in *Henry Schein, Inc. v. Archer & White Sales, Inc. (U.S. Supr. Ct. 01/08/2019)*. Challenging the contract is not means for vacating or making an award invalid and a court may not craft "legal rules that 'apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue.'" *Kindred Nursing Ctrs. Ltd. P'ship v. Clark, 137 S. Ct. 1421, 1426 (2017) (quoting Concepcion, 563 U.S. at 339)*. The question here is not whether Judge **Max O. Coburg Jr.** believes that this is a binding contract or rather but whether the respondents in this case challenged the Arbitration award in the time allowed by the FAA statute or not. The courts only have jurisdiction to follow the law, follow the FAA act as written, to confirm the award, not decide whether they like it or not or whether there is an agreement, the arbitrator has already determined that there is an agreement and the agreement is valid.

- "As to the unsigned forms it is well-established that a party may be bound by an agreement to arbitrate even absent a signature. See, e.g., *McAllister Brothers, Inc. v. A & S Transportation Co., 621 F.2d 519, 524 (2d Cir.1980)*. Further, while the Act requires a writing, it does not require that the writing be signed by the parties. See 9 U.S.C. Sec. 2 & 3; *Medical Development Corp. v. Industrial Molding Corp., 479 F.2d 345,348 (l0th Cir.1973); Fisser, 282 F.2d at 233.* Thus, the district court did not err in finding that in this long standing and on –going relationship Genesco agreed to arbitrate disputes arising under the unsigned sales confirmation forms as well. See *Imptez International Corp. v. Lorprint Inc., 625 F.Supp. 1572 (S.D.N.Y.1986)." Genesco Inc v. T Kakiuchi & Ltd, 815 F. 2d 840.* Whether a valid arbitration agreement exists is a question delegated to the arbitrator, not the court *(See…Henry Schein, Inc. v. Archer & White Sales, Inc. (U.S. Supr. Ct. 01/08/2019))* and has already been decided by the arbitrator see the award to which there has been no timely filed motions to vacate, vacating and voiding out the award after knowledge of its existence. Moreover, silence or inaction generally does not constitute acceptance of an offer, <u>unless</u> the circumstances indicate that such an inference of assent is warranted. *Smith v. Murray, 311 S.W.2d 591, 595 (Tenn.1958).* In this instance the acceptance, the doctrine of Estoppel is in accordance with the terms of the agreement i.e. the terms of the offer. The respondent's actual conduct and performance constituted acceptance of the petitioners offer as the respondents were given a reasonable opportunity to respond and reject/disaffirm the agreement and failed to do so in the 10-20 calendar day rejection period and still failed to do so.

17. The respondents in this matter could have acted on their own behalf and they did not. It is now untimely under the FAA statutes and the court cannot make up for their shortcomings. As evidenced by the respondent, BANA **May 18, 2020** Opposition and Exhibits, they have admitted and confirmed their receipt and knowledge of the ward, its existence and therefore are barred from raising any and all defenses in regards to the contract, the arbitration, and confirmation of the award in this matter. All Respondents in this matter had a reasonable opportunity to file a Motion to Vacate the Award in the Southern District of Mississippi within three months if Respondents did not agree to accept the award as it stands. Respondents did not make any effort to vacate the award within the time allotted. Dismissing this case and the application for confirmation of award is improper, unless they are in receipt of an order from the Southern District of Mississippi court to vacate the award. This Court should not usurp the powers of Congress which limited the time to vacate an award to three months only in the District Court wherein the award was made. That time has well passed evidenced by the record (Doc. 1) and petitioners **Exhibits - C**. This court is not in the jurisdiction where the award was made. This Court possesses only the jurisdiction to confirm the award and enter judgment under the controlling statutes, **9 U.S.C. § 9 & 13**. Without having jurisdiction and venue under **9 U.S. Code § 10** to vacate the Award by **Mark Moffett of July 6, 2019**, this Court has no alternative but to confirm the award as written, prescribed by the FAA statute and as congress intended.

18. "Statements of counsel, in their briefs or their arguments are not sufficient for a motion to dismiss or for summary judgment," and "An attorney for the Plaintiff cannot admit evidence into the Court, He is either an attorney or a witness". *Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647*. This court erred by allowing the attorney to admit evidence into the record of

the court for this case who has not been served, filed an appearance filing, nor have proven on the record to represent the respondent, BANA in this case bringing forth allegations and filing evidence on the record and therefore this opposition should be stricken from the record or barred by statute and the case continued as the full miscellaneous filing fee payment has been paid and/or a fee waiver filed by the petitioners to proceed in this matter.

### PETITIONERS STATEMENT OF FACTS IN FURTHER SUPPORT OF THE VALIDITY OF THE CONTRACT, THE AUTHORITY OF THE ARBITRATOR AND THE INTENT OF CONGRESS

In further objection to the respondent, Bank of America, N.A. and the courts determination in regards to the validity of the contract, or if there is a valid contract/agreement in writing, I must now bring to this courts attention, **"S.2591 — 115th Congress (2017-2018) - Arbitration Fairness Act of 2018 (see…https://www.congress.gov/bill/115th-congress/senate-bill/2591/text),"** which is a **"bill"** brought to congress that is currently pending before the Senates which is being requested to amend the FAA, to prescribe and add in general, **section 402** to the FAA. This bill prohibits a predispute arbitration agreement from being valid or enforceable if it requires arbitration of an employment dispute, <u>consumer dispute</u>, antitrust dispute, or civil rights dispute. This bill has not been passed/signed by the Senates nor Signed by the President yet, and if or once passed and signed, this bill prescribes the following as an amendment and addition to the FAA:

**CHAPTER 4—ARBITRATION OF EMPLOYMENT, CONSUMER, ANTITRUST, AND CIVIL RIGHTS DISPUTES**

**§ 402. Validity and enforceability**

> **"(a) In general.**—Notwithstanding any other provision of this title, <u>no predispute arbitration agreement shall be valid or enforceable</u> if it requires arbitration of an employment dispute, <u>consumer dispute</u>, antitrust dispute, or civil rights dispute.

> "(b) Applicability.— "(1) IN GENERAL.—An issue as to whether this chapter applies to an arbitration agreement shall be determined under Federal law. <u>The applicability of this chapter to an agreement to arbitrate and the validity and enforceability of an agreement to which this chapter applies shall be determined by a court, rather than an arbitrator,</u> irrespective of whether the party resisting arbitration challenges the arbitration agreement specifically or in conjunction with other terms of the contract containing such agreement.

By the understanding of the language of section **402 (a)** of this bill currently pending before the senates, it evidences and confirms what has been presented here and is already currently valid and already prescribed by the FAA, confirmed by the **U.S. Supreme Court** *in Henry Schein, Inc. v. Archer & White Sales, Inc. unanimously decided January 8, 2019*, that "<u>**a pre-dispute arbitration agreement such as the one presented in petitioner(s) Exhibits – A, shall be valid and enforceable**</u> **(emphasis added) if it requires an arbitration of an employment dispute, <u>consumer dispute</u>, antitrust dispute, or civil rights dispute.**" The petitioner is a **"consumer"** who requested arbitration of the parties to the agreement to resolve the disputes and controversies as it pertains to the arbitration agreement in writing with an arbitration clause which involves commerce in fact, therefore the arbitration agreement as prescribed by **9 USC § 2** is valid and enforceable and arbitration is and or was the proper forum for making this determination rather the contracts are valid or not, not the courts. If this was not the case, there would be no need to request that a bill to be passed and signed to amend the FAA, to add and prescribe section **402 (a)** which would prescribe that, "no predispute arbitration agreement shall be valid or enforceable if it requires arbitration of an employment dispute, <u>consumer dispute</u>, antitrust dispute, or civil rights dispute" and to add and prescribe section **402 (b)** which in general would give <u>the court</u> rather than <u>an arbitrator</u> the authority to determine the validity of an agreement/contract in writing, its terms and provisions. The facts presented throughout this motion, the award, the contract, and the petitioners petition for confirmation as prescribed by the current FAA statute, are supported by the

current intents of congress therefore the agreements are valid, enforceable and arbitration was and is the correct forum to make such a determination of the validity of the contract as delegated, any other opinions in this matter would be invalid, in violation of the FAA and the intent of congress as the arbitrator, not the courts had and still has the authority and jurisdiction to resolve any and all disputes and controversies as they relate to the performant contract/agreement and we do hereby reserve our rights to arbitrate arbitrability questions, disputes and controversies as it relates to the performance contract. We do not consent to the court making such determinations outside of granting the petitioner(s) petition for confirmation of the award as they are required to follow the FAA as written and as required under their own federal rules, Rule 81(a)(6)(B) as the respondents are barred by statutes from raising any and all affirmative defenses and oppositions or by filing an untimely requests and or motions to vacate an award in a suite to enforce and confirm the award. It would be a violation of the law, the FAA, the Federal Rules of Civil Procedure, the judge's oaths of office and the Supreme Court rulings if this court does not reopen the case and confirm the petitioner(s) award as the FAA statute prescribes. It would also be a deprivation of the petitioner(s) To Utilize The Federal Arbitration Act, Under Color And Authority Of Law under 18 U.S.C. 242 for the judges of this court to dismiss this case and not confirm the award when the court has sufficient evidence that the statute of limitations has passed and the respondents are barred from challenging the award after they have been notified and aware of its existence.

## **CONCLUSION**

Applicant's/Petitioners moves this Court to rescind the order of **May 19, 2020 (Doc. 9)** and to direct the Clerk of the Court to rescind the judgment entered and remove the improper frivolous filing remarks. Applicants/Petitioner's moves this Court to direct the Clerk of Court if the opposition is not stricken from the record, to enter the proposed order against Bank of

Page 17 | 19

Case 3:20-cv-00264-MOC-DSC   Document 12   Filed 06/17/20   Page 17 of 19

America, N.A. in the docket as if it was rendered in an action and reopen the case, proceed to issue an order to serve the remaining respondents. And that the order issued against Bank of America, N.A. shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered pursuant to **9 U.S.C. § 9 & 13**.

DATED this 15th day of June, 2020.

**RESPECTFULLY PRESENTED,**

"Without Prejudice"

_____ 6/15/2020
Mario E. Castro, Propria Persona, Sui Juris
All Natural Rights Explicitly Reserved and Retained
U.C.C. 1-207/1-308, 1.103.6
c/o 419 West Hills Road, Melville, New York 11747
Ph. 917-513-7741

"Without Prejudice"

_____ 6/15/2020
Magdalena Castro, Propria Persona, Sui Juris
All Natural Rights Explicitly Reserved and Retained
U.C.C. 1-207/1-308, 1.103.6
c/o 419 West Hills Road, Melville, New York 11747
Ph. 917-513-7741

# CERTIFICATE OF SERVICE

Petitioners, HEREBY CERTIFY that a true and correct copy of this motion has been mailed to all parties on the service list **via: UNITED STATES POST OFFICE by the UNITED STATES POSTAL SERVICE via Certified Mail on June 15, 2020** under tracking number _Certified 7019 2280 0001 6160 8447_

**SENT TO:**

MCGUIREWOODS LLP
Attention: Brian Calub
201 North Tryon Street
Suite 3000
Charlotte, NC 28202-2146
*Counsel for Respondent Bank of America, N.A.*

"Without Prejudice"

_____  6/15/2020
Mario E. Castro, Propria Persona, Sui Juris
All Natural Rights Explicitly Reserved and Retained
U.C.C. 1-207/1-308, 1.103.6
c/o 419 West Hills Road, Melville, New York 11747
Ph. 917-513-7741

"Without Prejudice"

_____  6/15/2020
Magdalena Castro, Propria Persona, Sui Juris
All Natural Rights Explicitly Reserved and Retained
U.C.C. 1-207/1-308, 1.103.6
c/o 419 West Hills Road, Melville, New York 11747
Ph. 917-513-7741