UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

MARIO E. CASTRO, MAGDALENA CASTRO,

Petitioner,

v.

THE BANK OF NEW YORK MELLON, CHARLES W. SCHARF, AKERMAN LLP, NATSAYI MAWERE, JOSEPH DEFAZIO, NEWREZ LLC D.B.A. SHELLPOINT MORTGAGE SERVICING, JACK NAVARRO, REAL TIME SOLUTIONS, ERIC C. GREEN, BANK OF AMERICA CORPORATION, BRIAN MOYNIHAN,

Respondents.

Case No. 3:20 CV 00264

**RESPONDENTS THE BANK OF NEW YORK MELLON'S, SHELLPOINT MORTGAGE SERVICING'S AND AKERMAN LLP'S OPPOSITION TO THE CASTROS' MOTION FOR RECONSIDERATION OF ORDER**

The respondents The Bank of New York Mellon as Trustee for the Certificate Holders of CWALT Inc., Alternative Loan Trust 2006-OA11 Mortgage Pass Through Certificates, Series 2006-OA11 f/k/a The Bank of New York (**BoNYM**), Shellpoint Mortgage Servicing, and Akerman LLP, oppose Mario E. Castro's and Magdalena Castro's "Motion for Relief from May 19, 2020 Judgment, Order, or Proceeding under Fed. Rule 60(b)(1)(2)(4) & (6)" (Dkt. 23) filed on May 18, 2021.

## BACKGROUND

The Castros have sued the respondents in the Eastern District of New York and this Court, alleging an arbitration agreement between the parties and an arbitration award in favor of the Castros. After their cases were dismissed in each court, the Castros appealed to the Second Circuit Court of Appeals and Fourth Circuit Court of Appeals, respectively. All four courts have, on numerous occasions, decided the Castros are not entitled to any recovery. This Court

first dismissed this action by order dated May 19, 2020. After an unsuccessful appeal and an unsuccessful motion to reconsider, the Castros now bring a motion for relief from the judgment 364 days after the original dismissal, with no new facts or reason to grant them this extraordinary relief.

Mr. Castro sued BoNYM and Shellpoint almost four years ago, on July 25, 2017, in the United States District Court for the Eastern District of New York, case number 17-04375, alleging violations of federal law when BoNYM owned, and Shellpoint serviced, Mr. Castro's mortgage loan. A copy of the civil docket for this case is attached as **Exhibit A**.

In opposition to a motion to dismiss the Eastern District of New York complaint, Mr. Castro alleged the parties had agreed to arbitrate their dispute. A copy of the order dismissing Mr. Castro's complaint, dated July 22, 2019, is attached as **Exhibit B**. In its order dismissing the complaint, U.S. District Judge Joanna Seybert explained:

> Plaintiff has attached documents which he claims demonstrate that he and Defendants have an agreement where arbitration is the exclusive remedy and thus moves to compel it. These documents are not signed by Defendants and Defendants dispute any alleged agreement to arbitrate. (Def. Reply at 2, 4.) They are largely incoherent and appear to have been created by Plaintiff. The Court finds that these documents do not constitute an agreement to arbitrate Plaintiff's claims and, accordingly, it will not stay the proceedings or send the matter to arbitration.

(Ex. B, at 8.)

Mr. Castro moved to vacate this judgment, again asserting the existence of an agreement to arbitrate and a valid arbitration award. (Ex. A, at 8 (dkt. no. 48).) Judge Seybert denied this motion, observing:

> As he did in his papers on the motion to dismiss, Castro argues that there is a valid and binding arbitration agreement between him and the Defendants. He submits much of the same paperwork in support. This Court has already ruled on the issue, holding that "[t]hese documents are not signed by Defendants and Defendants dispute any alleged agreement to arbitrate. They are largely incoherent and appear to have been created by Plaintiff. The Court finds that these documents do not constitute an agreement to

> arbitrate Plaintiffs claims . . ." (D.E. 46 at 8). Plaintiff has thus not raised any issues of fact or law such that this Court should grant him the extraordinary relief sought. Accordingly the motion is DENIED.

(Ex. A, at 9.)

Undeterred, the Castros filed this action. This Court held, on May 19, 2020, "Petitioners are attempting to enforce a non-existent arbitration award, as no binding arbitration agreement exists between the parties." [Dkt. no. 9, at 1.]

The Castros moved to reconsider the May 19, 2020 dismissal order on June 17, 2020. This Court denied the motion to reconsider on July 10, 2020, stating, "The Court denies the motion, as Respondents have shown in their initial response to the initial application to confirm arbitration award and in their response to the motion for reconsideration that there is no binding arbitration award between the parties." [Dkt. no. 17, at 1.]

The Castros also appealed the denial of their motion to reconsider, which appeal is currently docketed at number 20-1874, in the Fourth Circuit. [Dkt. no. 18.] The Fourth Circuit dismissed the Castros' appeal as untimely by order filed on February 25, 2021. A copy of the order dismissing the appeal is attached as **Exhibit C**. The Castros filed a petition for rehearing, which is now pending.

The Castros again argue there was an agreement to arbitrate and they are owed an arbitration award. Their latest motion does not provide any support for the radical relief they seek and should be denied.

## LEGAL ARGUMENT

A court may relieve a party from a judgment for **(1)** mistake, inadvertence, or excusable neglect, **(2)** newly discovered evidence, **(3)** fraud, **(4)** a void judgment, **(5)** the judgment has been satisfied; released or discharged, or **(6)** any other reason that justifies relief. FRCP 60(b). If a motion for relief cannot be granted under a specific enumerated reason, relief can be granted

under FRCP 60(b)(6) only in extraordinary circumstances. *Aiken v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011.) Generally, FRCP 60(b) provides for extraordinary relief and is only invoked upon exceptional circumstances. *Ferguson v. U.S.*, 186 F.R.D. 340, 341 (W.D.N.C. 1999). Although a motion for relief from a judgment under FRCP 60(b)(1)-(3) must be filed within one year, the motion must be made in a reasonable time, and in the Fourth Circuit Court of Appeals FRCP 60(b) motions have been denied when filed as little as two and one-half months after entry of the judgment or order from which relief was sought. *See Clayton v. Ameriquest Mortg. Co.*, 388 F.Supp.2d 601, 606 (M.D.N.C. 2005) (collecting cases). The movant bears the burden of showing timeliness and must offer a satisfactory explanation for any delay. *Id.*

**A. THERE WAS NO AGREEMENT TO ARBITRATE.**

The Court should not revisit its judgment because that judgment is correct—there was no agreement to arbitrate between the parties. The Castros contend this Court exceeded its authority by holding there was no arbitration agreement. [Dkt. no. 23, at 5 ("[This action] is not a request for the court to override the contract and the arbitrator's decision that the contract is valid and binding which they have no authority to do as that authority is not delegated to them by the terms and provision of the contract nor it [sic] arbitration clause."); *see also id*., at 15 ("This court has no jurisdiction to overrule what the arbitrator has already determined as the contract does not authorize the court that authority.").] The Castros further state the Court's "opinions" are "just . . . personal opinions . . . . They have no force in law in this instance and no relevance to the issue and conflicts with the Arbitrators findings." [*Id.* at 17.] The Castros argue that the Court was not to decide whether there was a "binding contract," but rather, whether there was any challenge to the arbitration award. [*Id.* at 18.] They also argue the agreement to arbitrate was a "unilateral

performance" contract and so does not require the other parties' signatures. [*Id.*, at 11.] This is all wrong.

"Whether a party agreed to arbitrate a particular dispute is an issue for judicial determination to be decided as a matter of contract." *Johnson v. Circuit City Stores*, 148 F.3d 373, 377 (4th Cir. 1998). This Court is well within its jurisdiction to determine whether an agreement to arbitrate exists.

The Castros wrongly contend there was an agreement to arbitrate. First, whether the parties have agreed to arbitrate a dispute is a matter of contract law, in which the court should apply ordinary state law principles regarding the formation of contracts. *Mine Jewelry Shoppes, Inc. v. Lise Aagaard Copenahgen, A/S,* 240 F.Supp.3d 391, 395 (E.D.N.C. 2017). In North Carolina, an enforceable arbitration clause requires offer, acceptance, consideration, mutual assent, and the presence of no valid defenses. *Lorenzo v. Prime Comms., L.P.*, No. 12-CV-69, 2014 WL 3349696, *2 (E.D.N.C. Mar. 31, 2014). In New York, where the Castros reside, a contract requires an offer, acceptance, consideration, mutual assent, and intent to be bound. *Tonra v. Kadmon Holdings, Inc.*, 405 F.Supp.3d 576, 583 (S.D.N.Y. 2019). The Castros cannot show any of these requirements are met. Upon receiving notice of the purported arbitration "agreement," the “respondents” objected several times. *See Castro v. The Bank of New York Mellon, et al.*, No. 17-4375, ECF no. 44, Ex. B (E.D.N.Y. Apr. 22, 2019) (collecting letters sent by BoNYM's and Shellpoint's counsel objecting to any agreement to arbitrate). The District Court for the Eastern District of New York has, similarly to this Court, already ruled there was no agreement to arbitrate. The Castros do not identify any new information to upset these rulings.

The Castros' emphasis on whether the arbitration award was challenged puts the cart before the horse. If there was no agreement to arbitrate, as this Court has repeatedly determined, the "respondents" were not required to vacate the non-existent arbitration award.

**B. NO NEW EVIDENCE WARRANTS REQUESTED RELIEF.**

The Castros contend they have found new evidence, in the form of a private law passed by Congress on or about December 3, 2016, the "Bradley Christopher Start Act." According to the Castros, "[C]ongress determined that the United States . . . by their conduct, as incorporated in the contracts arbitration clause which constituted acceptance by performance, the same as the respondents conduct in this case which constituted acceptance by the parties performance is valid and binding." [Dkt. no. 23, at 7.] The private law attached to the motion states the United States entered into an agreement with the parties, which included an arbitration clause. [Dkt. no. 23-1, Section 2.] First, the Castros do not, and cannot, explain how a law passed in 2016 constitutes new evidence. Second, that two different parties agreed to arbitrate has no bearing on whether the respondents agreed to arbitrate any disputes with the Castros. Every court to consider that question, including this one, has already found they did not.

**C. THE MOTION IS NOT TIMELY.**

The Castros admit they came into possession of this "newly discovered evidence" on or about October 1, 2020. [Dkt. no. 23, at 6.] They provide no explanation why they waited an additional seven months to make this motion. Without such an explanation, the motion is not timely filed, regardless of whether it was filed in one year.

**D. LAW OF THE CASE REQUIRES DENIAL OF THE MOTION.**

Lastly, the law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.

*Binkley v. Loughran*, 714 F.Supp. 776, 778 (M.D.N.C. 1989). This Court has already denied the Castros' "motion to reconsider," from which the current motion borrows considerably. [*See* Dkt. no. 12.] The Castros' new evidence was discoverable at the time of the prior motion to reconsider. The Court denied that motion, and so should deny this as well.

**CONCLUSION**

The Castros have pursued this meritless litigation for years across multiple courts. Every court has held there was no agreement to arbitrate, no valid arbitration award, and that the Castros are not entitled to recover under that "award." One year after this Court made that same determination, the Castros move for relief from the judgment, without bringing forth any new facts, and no explanation for why they waited so long to so move. This Court should deny the Castros' motion.

Dated: June 1, 2021

**AKERMAN LLP**

By: */s/ Bryan Scott*

Bryan G. Scott
N.C. State Bar No. 32920
100 North Main Street, Suite 2425
Winston-Salem, NC 27101
Tel. (336) 296-7100
Fax (336) 296-7010

Jason D. St. John, Esq. (*admitted pro hac vice*)
1251 Avenue of the Americas, 37th Floor
New York, NY 10020
Tel. (212) 880-3800
jason.stjohn@akerman.com
*Attorneys for Defendants The Bank of New York Mellon as Trustee for the Certificate Holders of CWALT Inc., Alternative Loan Trust 2006-OA11 Mortgage Pass Through Certificates, Series 2006-OA11 f/k/a The Bank of New York, Shellpoint Mortgage Servicing, and Akerman LLP*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **RESPONDENTS THE BANK OF NEW YORK MELLON'S, SHELLPOINT MORTGAGE SERVICING'S AND AKERMAN LLP'S OPPOSITION TO THE CASTROS' MOTION FOR RECONSIDERATION OF ORDER** with the Clerk of Court using the CM/ECF, which will send notification of such filing to counsel of record as follows:

Brian Calub
McGuire Woods LLP
201 North Tryon Street, Suite 3000
Charlotte, NC 28202
*Counsel for Respondent Bank of America, N.A.*

And I hereby certify that I caused the foregoing document to be served via U.S. First Class Mail on the following non-filing users:

Mario E. Castro and Magdalena Castro
419 West Hills Road
Melville, New York 11747
*Pro Se Plaintiffs*

Dated: June 1, 2021

**AKERMAN LLP**

By: */s/ Bryan Scott*
Bryan G. Scott
N.C. State Bar No. 32920
100 North Main Street, Suite 2425
Winston-Salem, NC 27101
Tel. (336) 296-7100
Fax (336) 296-7010