# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:20-cv-264-MOC-DSC

| | |
|---|---|
| MARIO CASTRO, MAGDALENA CASTRO, <br><br> Petitioners, <br><br> vs. <br><br> BANK OF NEW YORK MELLON, et al., <br><br> Respondents. | ) ) ) ) ) ) ) **ORDER** ) ) ) ) |

This matter is before the Court on Petitioners' pro se Motion for Relief from Judgment. (Doc. No. 23).

Petitioners Mario and Magdalena Castro asserted in their original Application to Confirm Arbitration Award, filed on May 4, 2020, that an arbitration award of more than $1.275 million, entered by an entity known as the Sitcomm Arbitration Association, was entered against the named Respondents. (Doc. No. 1). On May 19, 2020, this Court denied Petitioners' application and dismissed the action on the ground that Petitioners are attempting to enforce a non-existent arbitration award, as no binding arbitration agreement exists between the parties. (Doc. No. 9).

On June 26, 2020, Petitioners filed a motion for reconsideration, again insisting that the arbitration award is valid. (Doc. No. 12). On July 10, 2020, the Court denied the motion. (Doc. No. 17). Petitioners appealed, and on February 25, 2021, the Fourth Circuit Court of Appeals dismissed the appeal as untimely. (Doc. No. 21). The Fourth Circuit stayed its mandate, however, pending Petitioners' motion for rehearing en banc. (Doc. No. 22).

Not to be deterred, Petitioners have now filed a motion for relief from judgment under Rule 60 of the Federal Rules of Civil Procedure, seeking to have this Court set aside its order

denying Petitioners' motion for reconsideration. (Doc. No. 23). Respondents have responded to the motion. (Doc. Nos. 24, 25).

The Court denies Petitioners' motion for relief from judgment for the reasons given by Respondents in their briefs in opposition. Most significantly, the Court notes that because the Fourth Circuit has retained jurisdiction over the appeal to address Petitioners' petition for rehearing en banc, this Court lacks jurisdiction to address Petitioners' motion. It is well settled that when a notice of appeal is filed in response to final order, the filing of the notice of appeal divests the district court's jurisdiction over the case. United States v. Christy, 3. F.3d 765, 767 (4th Cir. 1993).

The Court finds, additionally, that even if it had jurisdiction to address Petitioners' motion for relief from judgment, the Court would deny the motion on the ground that Petitioners are attempting to enforce an arbitration award that is simply not enforceable against Respondents. On this point, the Court advises Petitioners that no amount of argument by Petitioners is going to change the Court's mind. As the Court discussed in its prior orders, Sitcomm Arbitration Association is a sham entity, with no authority to grant an arbitration award, and Petitioners' insistence to the contrary does not make it so. See Nichols v. U.S. Bank, Nat'l Ass'n, 2020 WL 61049 (S.D. Miss. Jan. 6, 2020); Meekins v. Lakeview Loan Servicing, LLC, 2019 WL 7340300 (E.D. Va. Dec. 30, 2019); Kalmowitz v. Federal Home Mortgage Corp., 2019 WL 6249298 (E.D. Tex. Oct. 22, 2019); Brown v. Ally Fin., Inc., 2019 WL 6718672 (S.D. Miss. Dec. 10, 2019); U.S. Bank, Nat'l Ass'n v. Nichols, 2019 WL 4276995 (N.D. Okla. Sept. 10, 2019).

In sum, the motion for relief from judgment is denied.

**ORDER**

**IT IS, THEREFORE, ORDERED that:**

(1) Petitioners' pro se Motion for Relief from Judgment, (Doc. No. 23), is **DENIED**.

Signed: July 14, 2021

Max O. Cogburn Jr.
United States District Judge